UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ALASTAIR DOMINIC MOTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 1:16-cv-00520-TWP-DML |
| | ) |
| MARION COUNTY COURTHOUSE, | ) |
| PUBLIC DEFENDERS OFFICE, | ) |
| COURTNEY BROWN KOOLEY, | ) |
| KELSEY LENOX, and | ) |
| DENISE TURNER, | ) |
| | ) |
| Defendant. | ) |

**Entry Granting *In Forma Pauperis* Status, Discussing Complaint, and Directing Further Proceedings**

**I.     Motion to Proceed *In Forma Pauperis***

The plaintiff's motion to proceed *in forma pauperis* [dkt. 2] is **granted.** The assessment of an initial partial filing fee is not feasible at this time.

Notwithstanding the foregoing ruling, the plaintiff still owes the $350.00 filing fee. "All [28 U.S.C.] § 1915 has ever done is excuse *pre*-payment of the docket fees; a litigant remains liable for them, and for other costs, although poverty may make collection impossible." *Abdul-Wadood v. Nathan,* 91 F.3d 1023, 1025 (7th Cir. 1996).

**II. Screening**

The plaintiff, Alastair Dominic Moton ("Mr. Moton"), was an inmate at the New Castle Correctional Facility when he filed this action on March 7, 2016. According to the Indiana Department of Correction website, it appears that Mr. Moton was released from custody on March

8, 2016. *Any changes in address must be filed with the Court within seven (7) days of the change.* Accordingly, Mr. Moton must file notice of his current address.

Mr. Morton's complaint is now subject to the screening required by 28 U.S.C. ' 1915A(b). This statute directs that the Court dismiss a complaint or any claim within a complaint that "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* "A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." *Jones v. Bock,* 549 U.S. 199, 215 (2007).

Mr. Moton names the following defendants: 1) Marion County Courthouse; 2) Public Defender's Office; 3) Courtney Brown Kooley; 4) Kelsey Lenox; and 5) Denise Turner. He seeks monetary damages.

Mr. Moton recites a history of his communications with and alleged conduct of his public defenders and a deputy prosecuting attorney while he was confined at the Marion County Jail in 2015. Although it is not clear what his claims are, the defendants he has chosen to sue in this action present considerable obstacles.

The Marion County Courthouse and Public Defender's Officer are buildings. They are not "persons" subject to suit in a civil rights action. Any claims brought against these defendants are **dismissed for failure to state a claim upon which relief can be granted.**

Defendants Courtney Brown Kooley and Denise Turner are public defenders. A public defender is not a state actor, and therefore any claims against public defenders are **dismissed for failure to state a claim upon which relief can be granted.** *See e.g. Polk County v. Dodson,* 454 U.S. 312, 324 (1981) (public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal case).

Similarly, any claim against prosecutor Kelsey Lenox is **dismissed for failure to state a claim upon which relief can be granted** because prosecutors are entitled to absolute immunity from claims for damages for activities which are "intimately associated" with the judicial process such as initiating and pursuing a criminal prosecution. *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976); *see also Fields v. Wharrie*, 672 F.3d 505, 510 (7th Cir. 2012) ("A prosecutor is absolutely immune from suit for all actions and decisions undertaken in furtherance of his prosecutorial duties.").

This leaves no viable claim against any defendant.

"[A] plaintiff can plead himself out of court by alleging facts that show there is no viable claim." *Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th Cir. 2008). For the above reasons, the complaint must be **dismissed for failure to state a claim upon which relief can be granted** pursuant to 28 U.S.C. § 1915A.

### III.  Further Proceedings

The plaintiff shall have **through April 18, 2016,** in which to **show cause** why this action should not be dismissed for failure to state a claim upon which relief can be granted. *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013) (plaintiffs should be given at least an opportunity to amend or to respond to an order to show cause before a case is "tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.").

Or, if Mr. Moton wishes to file an amended complaint, he shall have the same deadline in which to do so. Any amended complaint shall assert only claims against defendants that involve the same conduct or transaction and common questions of fact and law as to all defendants (which may mean a single defendant in a single complaint). In filing an amended complaint, the plaintiff

shall conform to the following guidelines: (a) the amended complaint shall comply with the requirement of Rule 8(a)(2) of the *Federal Rules of Civil Procedure* that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . . ," (b) the amended complaint shall comply with the requirement of Rule 10 that the allegations in a complaint be made in numbered paragraphs, each of which should recite, as far as practicable, only a single set of circumstances, (c) the amended complaint must identify what legal injury he claims to have suffered and what persons are responsible for each such legal injury, and (d) the amended complaint shall contain a clear statement of the relief that is sought. The plaintiff *should not attempt to bring the exact same claims that have been dismissed in this action* without showing cause why they should not have been dismissed.

Any amended complaint must be complete because it will replace in its entirety the original complaint. The plaintiff shall **place the cause number for this case, 1:16-cv-00520-TWP-DML, on** any "amended complaint."

If Mr. Moton fails to show cause or file an amended complaint by April 18, 2016, or any extended deadline, the action will be dismissed for the reasons set forth in this Entry.

**IT IS SO ORDERED.**

Date: 3/22/2016

*[signature]*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

ALASTAIR DOMINIC MOTON
258449
NEW CASTLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362